# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 20-CR-731** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CHARCHEE TUCKER, ET AL.** | **MEMORANDUM OPINION AND** |
| **Defendants.** | **ORDER** |

Currently pending is Defendant Charchee Tucker's ("Defendant") Motion in Limine Re: Testimonial Hearsay Statements filed on September 15, 2021 ("Defendant's Motion"). (Doc. No. 283.) On September 22, 2021 the United States of America filed the Government's Response In Opposition To Defendant's Motion ("the Government's Response"), and on October 3, 2021, Defendant filed her Reply Brief in Support of Defendant's Motion ("Defendant's Reply"). (Doc. Nos. 291, 298.)

In Defendant's Motion, Defendant asks this Court to bar the prosecution from directly or indirectly attempting to use any evidence that either violates the hearsay prohibitions of the Federal Rules of Evidence or violates the testimonial violations of the Confrontation Clause of the Sixth Amendment to the Constitution. (Doc. No. 283, PageID # 1023.) As to the hearsay and testimonial statements at issue in Defendant's Motion, Defendant seeks a declaration from this Court: "(A) whether this Court's ruling on this motion in limine is a 'definitive' ruling, (B) how this Court will address the objectionable statements at trial and (C) whether the potential exhibits demonstrate the concern the Defendant raises here." (Doc. No. 283, PageID # 1024.)

Citing Fed. R. Evid. 802, Defendant asserts that hearsay statements are barred unless a firmly established exception applies; that none of the 23 exceptions in Fed. R. Evid. 803 and none of the 5 exceptions in Fed. R. Evid. 804 apply in this case; and while Fed. R. Evid. 807 allows the Court to admit some of what is clearly prohibited by the hearsay prohibitions, if the Government desires to rely, directly or indirectly, on Rule 807, it must specifically and unambiguously identify each and every hearsay statement that it seeks to admit.  (Doc. No. 283, PageID # 1028.)

Defendant also asserts that even if the Government is permitted by this Court to admit timely disclosed and clearly identifiable hearsay statements pursuant to Fed. R. Evid. 807, then this Court must still analyze those statements under the Confrontation Cause, i.e., if the statement in question is deemed "testimonial," then the statement is barred from use and/or admission unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.  (Doc. No. 283, PageID # 1029.)

Further, Defendant requests that the Government promptly produce a list and copy of all exhibits that the Government intends on using at trial, and order the Government to identify all of the witnesses the Government intends on calling at trial, along with a summary of the putative declarant-based testimony each of those witnesses may refer to.  According to Defendant, because this case involves hundreds if not thousands of potentially hearsay statements and issues, it is imperative that the Government promptly, specifically and unambiguously identify any witness or document that may implicate Federal Rule of Evidence hearsay issues or Crawford Cases Confrontational Clause issues.  (Doc. No. 283, PageID # 1031.)  Defendant requests that upon ordering the Government to do so, the Court should permit her to review all of the disclosures to determine if there are any hearsay rule or Crawford Cases issues and allow for a stipulation and/or objection to their admission.  Finally, Defendant requests that this Court bar the Government from

using any exhibits or testimony that violate any hearsay rule or the Crawford Cases to which Defendant identifies objections.

In the Government's Response, the Government asks this Court to deny Defendant's Motion, asserting that it is aware that it must comply with the mandates set forth in the Federal Rules of Evidence, as it relates to hearsay prohibitions, and that it must comply with the Confrontational Clause of the Sixth Amendment, and intends to do so at trial.  According to the Government, these issues are best addressed as they arise at trial.  Also, the Government opposes Defendant's request for a list of all exhibits and witnesses that the Government intends to use at trial because the rules of discovery do not entitle Defendant to pre-trial disclosure of the Government's exhibit or witness lists, and this Court issued a Trial Order outlining the deadlines for exhibit lists, witnesses and other related documents.  The Government asserts that it has complied and will continue to comply with these dates.

Specifically, the Government argues that Defendant has summarily determined that Fed.R.Evid. 803 and 804 would not apply in this case but cannot, without testimony being elicited at trial, presumptively anticipate the applicability of either of these rules prior to the trial commencing.  The Government represents that it understands that certain notice requirements must be met in order for some hearsay statements to be admissible under Fed.R.Evid. 807 Residual Exception, and if the Government intends to admit a statement pursuant to this rule, it must satisfy the requirements of the rule prior to offering the statement in evidence.  And, the Government correctly asserts that it is under no obligation to disclose witness lists or exhibit lists to Defendant prior to trial, citing *United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010).  Indeed, as to Defendant's request for a pre-trial ruling on the admissibility of evidence at trial, this Court agrees with the United States District Court for the Southern District of Florida that "consideration of

evidentiary rulings on an item by item, piecemeal, basis is counter-productive to the effective administration of justice in a busy trial court," and "[w]hen these rulings are made at the time the exhibit is offered in evidence, the trial judge has the benefit of full development of all relevant facts constituting the introductory predicate for admission of the item or statement." *Roberts v. Charter National Life Insurance Company*, 105 F.R.D. 492 (D. Fla. 1985.) This is consistent with the Sixth Circuit's conclusion that "orders in limine which exclude broad categories of evidence should rarely be employed," and instead questions of admissibility should be death with "as they arise." *Sperberg v. Goodyear Tire & Rubber Company*, 519 F.2d 708, 712 (6th Cir. 1975).

Moreover, as to Defendant's request that this Court make a declaration as to whether its ruling on Defendant's Motion is a "definitive" ruling, this Court agrees with the Government that it cannot make a "definitive" ruling without considering the statements in the context of the other testimony and evidence offered during the trial. *See United States v. Denton*, 547 F.Supp. 16 (E.D. Tenn. 1982).

Finally, the Court agrees with the Government that pursuant to Fed.R.Evid. 16(a)(1)E)(ii), and because Defendant has not demonstrated a particularized need for the information, Defendant is not yet entitled to pre-trial disclosure of exhibit and witness lists; and pursuant to the Jencks Act, 18 U.S.C. § 3500, Defendant is not entitled to a "summary of the putative declarant-based testimony each of those witnesses may refer to" and review of all those disclosures before trial. The Government represents that it intends to adhere to its duty under the Jencks Act and provide any such statements at the appropriate time.

Accordingly, Defendant's Motion is DENIED, without prejudice.

**IT IS SO ORDERED.**

Date: November 9, 2021

                                              _s/Pamela A. Barker_
                                              PAMELA A. BARKER
                                              U. S. DISTRICT JUDGE